UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, HAM, and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist ALLAN T. JONES
 United States Army, Appellant

 ARMY 20061224

 7th Army Multinational Training Command
 R. Peter Masterton and Michael J. Nelson, Military Judges
 Lieutenant Colonel Michael E. Mulligan, Staff Judge Advocate

For Appellant: Major Teresa L. Raymond, JA; Richard P. Pizur, JA (on
brief).

For Appellee: Colonel Denise R. Lind, JA, Lieutenant Colonel Mark H.
Sydenham, JA, Lieutenant Colonel Francis C. Kiley, JA, Major Jennifer H.
McGee, JA (on brief).

 13 November 2008

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------
Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of disobeying a superior commissioned
officer, failure to obey an order, wrongful use of a controlled substance
(two specifications) and distributing a controlled substance (two
specifications) in violation of Articles 90 92, and 112a of the Uniform
Code of Military Justice, 10 U.S.C. §§ 890, 892, and 912 [hereinafter UCMJ]
and, contrary to his pleas, of robbery in violation of Article 122, UCMJ.
The military judge sentenced appellant to a bad-conduct discharge,
forfeiture of all pay and allowances, confinement for eighteen months, and
reduction to Private E1. The convening authority approved fifteen months
confinement, but otherwise approved the sentence as adjudged.

 This case is before the court for review pursuant to Article 66, UCMJ.
 Upon review, we find appellant’s assignments of error to be without merit.
 Although not assigned as error, one matter merits brief discussion and
relief. We will grant the appropriate relief in our decretal paragraph.

 Article 66(c), UCMJ, imposes on this court the duty to affirm only
those findings of guilty that we find correct in law and fact. The test
for factual sufficiency is “whether, after weighing the evidence in the
record of trial and making allowances for not having personally observed
the witnesses, [this court is] convinced of [appellant’s] guilt beyond a
reasonable doubt.” United States v. Walters, 58 M.J. 391, 395 (C.A.A.F.
2003) (citing United States v. Turner, 25 M.J. 324, 325 (C.M.A. 1987)).

 The Specification of Charge II alleges appellant robbed Private TL of
a cellular phone and 320 Euros in violation of Article 122, UCMJ. At
trial, the government conceded appellant did not physically take the
cellular phone or currency from Private TL, but argued appellant aided and
abetted the commission of the crime by acting as a lookout. The elements
of aiding and abetting another person to commit a crime under Article
77(1), UCMJ, are: “(1) the specific intent to facilitate the commission of
a crime by another; (2) guilty knowledge on the part of the accused; (3)
that an offense was being committed by someone; and (4) that the accused
assisted or participated in the commission of the offense.” United States
v. Gosselin, 62 M.J. 349, 351-52 (C.A.A.F. 2006) (quoting United States v.
Pritchett, 31 M.J. 213, 217 (C.M.A.1990)). The “mere presence at the scene
of a crime does not make one a principal.” Manual for Courts-Martial,
United States (2005 ed.) [hereinafter MCM], Part IV, para. 1.b.(3)(b).

 Upon review, we find the evidence factually insufficient with respect
to the Specification of Charge II. Although the evidence established
appellant witnessed the crime, the evidence is factually insufficient to
support the government’s theory that appellant assisted, encouraged,
advised, counseled or commanded another in the commission of the offense
and shared in the criminal purpose of design. MCM, Part IV, para.
1.b.(2)(b)(i) and (ii). Simply put, the evidence establishes “mere
presence” and nothing more.

 Accordingly, the finding of guilty of the Specification of Charge II
is set aside and that Specification and Charge are dismissed. We have
reviewed the matters personally raised by appellant pursuant to United
States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find them to be without
merit. The remaining findings of guilty are affirmed. Reassessing the
sentence on the basis of the error noted, the entire record, and applying
the principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and
United States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006) to include those
principles identified by Judge Baker in his concurring opinion, the court
affirms only so much of the sentence as provides for a bad-conduct
discharge, forfeiture of all pay and allowances, confinement for ten
months, and reduction to Private E1. All rights, privileges, and property,
of which appellant has been deprived by virtue of that portion of his
sentence set aside by this decision, are ordered restored. See UCMJ arts.
58b(c) and 75(a).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court